OPINION
Defendant-appellant Joseph Wiedenheft appeals from his conviction and sentence for Obstructing Official Business. Wiedenheft contends that the trial court erred by adjudicating him guilty and imposing sentence, because the record fails to portray compliance with Crim.R. 11 in the taking of his no contest plea. The State contends that this appeal should be dismissed as moot, because Wiedenheft has served his 90-day sentence.
Because Wiedenheft's appellate counsel has represented to this court that his 90-day sentence for the underlying offense has a current impact upon him due to other sentences, in other cases, imposed consecutively with the 90-day sentence in this case, the appeal will not be dismissed as moot. Because the record fails to portray compliance with Crim.R. 11 in the taking of Wiedenheft's no-contest plea, the judgment of the trial court is Reversed and this cause is Remanded for further proceedings.
 I Wiedenheft was arrested and charged with Obstructing Official Business.
It appears from an entry on the back of Wiedenheft's citation that he pled no contest on August 5, 1997. There is no transcript, or other documentation, concerning Wiedenheft's no-contest plea. The same entry on the back of Wiedenheft's citation reflects that he was found guilty. On September 19, 1997, a sentencing hearing was held, the transcript of which is in our record. Wiedenheft was fined $100 and sentenced to three months in jail, but he was put on probation for two years, upon certain conditions.
On December 12, 1997, Wiedenheft's probation was terminated, and he was credited with four days jail time. However, in an entry dated January 9, 1998, Wiedenheft was permitted to be on electronic home monitoring, with credit for eight days jail time, effective December 12, 1997. On May 5, 1998, Wiedenheft's electronic home monitoring was terminated, with a credit of eight days jail time.
On April 12, 1999, Wiedenheft moved for leave to file a delayed appeal, which we granted. In his notice of appeal, filed the same day, Wiedenheft purports to be appealing both from the conviction and sentence rendered on September 19, 1997, and from the adjudication of a probation violation, on December 12, 1997, but there are no assignments of error directed to the latter judgment.
By entry filed April 20, 1999, we ordered Wiedenheft released pending disposition of this appeal, upon posting a bond in the amount of $5,000. There is an entry in the record which appears to memorialize Wiedenheft's release on April 20, 1999, at 1:07 p.m.
Wiedenheft appeals from his conviction and sentence for Obstruction of Official Business.
 II
Wiedenheft's sole assignment of error is as follows:
 APPELLANT WAS DENIED FUNDAMENTAL DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO THE MAXIMUM SENTENCE BY THE COURT BELOW ALTHOUGH THE RECORD BELOW IS TOTALLY DEVOID OF ANY PLEA OF GUILTY, FINDING OF GUILTY OR ANY COMPLIANCE OF ANY KIND WITH RULE 11 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
As a preliminary matter, the State, while not responding to Wiedenheft's assignment of error on the merits, argues that his appeal is moot because he has completed his sentence. In response, Wiedenheft's appellate counsel has represented to this court that this appeal is not moot because of other sentences, in other cases, imposed consecutively with the sentence imposed in this case. Wiedenheft contends that when these sentences are taken into account, he has not completed serving the aggregate sentence, so that this appeal is not moot. The other sentences, being imposed in other cases, are not part of the record in this appeal. Consequently, and mindful of the fact that we have ordered Wiedenheft's release on bond in this appeal, we accept his appellate counsel's professional representation that the sentence from which this appeal is taken has a current impact upon him as a result of the other sentences imposed consecutively with it. Accordingly, this appeal will not be dismissed as moot.
Wiedenheft contends that the trial court erred by accepting a plea of no contest, adjudicating him guilty, and imposing a sentence, without complying with Crim.R. 11. The offense with which Wiedenheft was charged, Obstructing Official Business, is a misdemeanor of the second degree. R.C. 2921.31(B). It is punishable by up to 90 days in jail. R.C. 2929.21(B)(2). Thus, it is a petty offense for purposes of Crim.R. 11. Crim.R. 2(C)(D). Crim. R. 11(E) provides that the trial court shall not accept a plea of guilty or no contest to a petty misdemeanor without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.
We agree with Wiedenheft that there is nothing in the record demonstrating that the trial court complied with this requirement. Furthermore, pursuant to R.C. 2937.07, when a defendant pleads no contest to a misdemeanor, the trial court is required to elicit an explanation of circumstances, and then make a finding of guilty or not guilty from the explanation of circumstances. State v. Bobo (January 26, 1994), Greene App. No. 93-CA-31, unreported. If the explanation of circumstances does not support a finding of guilty upon the offense to which the defendant has tendered a plea of no contest, the trial judge is required to find the defendant not guilty. Id.
Because the record fails to portray compliance with Crim.R. 11 or R.C. 2937.07, Wiedenheft's sole assignment of error is sustained.
 III
Wiedenheft's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
WOLFF and YOUNG, JJ., concur.
Copies mailed to:
David M. Henry
Daniel J. O'Brien
Hon. Michael W. Hemm